| United States District Court | Southern District of Texas |
|---|---|

Robert Rine, §
§
    Plaintiff, §
§
versus §    Civil Action H-09-3768
§
Michael J. Astrue, §
§
    Defendant. §

## Opinion for Summary Judgment

I.    *Introduction.*

The question is whether substantial evidence supported the commissioner's decision that Robert Rine is not disabled under the Social Security Act. It does.

Rine brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. Both sides have moved for summary judgment. *See* 42 U.S.C. §205(g) (2005); 42 U.S.C. §405(g) (2005).

2.    *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. Substantial evidence is a level of proof that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend V.* This court may not independently try issues afresh or substitute its judgment for that of the secretary. *Jones v. Heckler*, 702 F. 2d 616 (5th Cir. 1983).

3.    *Statutory Criteria.*

The law has a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §404.1520 (a)(1). Step one, a claimant is not disabled if she is involved

in any substantial gainful activity. 20 C.F.R. §404.1520 (a)(4)(I). Step two, a claimant is not disabled unless a medically determinable impairment lasts for a minimum of twelve months. 20 C.F.R. §404.1520 (a)(4)(ii). Step three, a claimant is not disabled if she does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520 (a)(4)(iii). Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of any medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past relevant work, then he is not disabled. 20 C.F.R. §404.1520 (a)(4)(iv). Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4. *Evidence.*
   A. *Background.*

Rine is a 47-year-old man who says that he is disabled from nerve damage after his surgery – damage that causes pains in his back. He says his disks are degenerating. His symptoms for all this are pain, numbness, and tremors in his shoulders and arms.

Rine has a high-school education. He has worked as an explosives handler for over fifteen years. He says his position requires him to climb ladders and operate heavy machinery. When Rine applied for social security, he said his disability began November 1, 2006.

The hearing officer found that Rine's disability did not meet a listed impairment. He decided that Rine could perform a full range of work lighter than he did in the past.

   B. *Application.*

The hearing officer properly found that Rine was not disabled. The five-step process was correctly followed.

Step one, Rine has not been gainfully employed.

Step two, Rine has been impaired for more than twelve months. The hearing officer found that Rine's degenerative disc disease and carpal tunnel syndrome were "severe" impairments. The doctors, however, found mild carpal-tunnel syndrome. His back and arms are moderately restrictive.

Step three, none of Rine's impairments met or equaled a listed impairment since May 2005 to September 2005, a period before his claim.

Step four, the hearing officer correctly determined Rine would not be able to perform his past work. Rine could not lift more than 25 pounds. He lacked the manual dexterity and strength to be an explosives worker. The medical-vocational rules are only a framework to use in deciding this.

Step five, the hearing officer correctly considered the combined effect of all impairments. The record shows that Rine could adjust the type of work he does and still find work that exists abundantly in the economy.

Rhine also complained of arthritis, nerve damage from his surgery, intense back pain, and numbness in his shoulders and hands. He described his pain as beginning in his legs and feet in the morning, and then taking over his back by the middle of the day. Rine also said he had tremors, weak grip, and difficulty walking and standing.

The impairments Rine thinks he has are inconsistent throughout the medical record. He generally complained of back pain in each examination. He had surgery, and afterwards his motor skills were intact. In the later examinations, he did not consistently tell his doctors about tremors, pain, or numbness in his shoulders, neck, and arms. Finally, the diagnoses by his doctors do not show difficulty standing and walking.

The only impairment that is supported by medicine is Rine's back pain and degenerative disc disease. Rine is still capable of finding light work to earn an income.

5. Conclusion.

The commissioner's decision denying Robert Rine's claim for disability insurance is supported by substantial evidence and will be affirmed. Robert Rine will take nothing from Michael J. Astrue.

Signed on February 17, 2011 at Houston, Texas.

Lynn N. Hughes
United States District Judge